FRANCIS C. FAULKNER V. CYRUS P. GILBERT.

FILED JUNE 19, 1901. No. 11,775.

</div>

1. **A Judgment Will Not Be Reversed for the Admission of Testimony Which Has Been Withdrawn From Jury.** A reversal of a judgment can not be based upon the admission of irrelevant testimony, when such testimony has been wholly withdrawn from the consideration of the jury by the charge of the court.

2. **Instructions, Conflicting, Misleading, Erroneous.** Instructions that are conflicting or misleading are erroneous.

ERROR from the district court for Cass county. Tried below before RAMSEY, J.

Motion for rehearing of case reported in 61 Nebr., 602. *Motion denied.*

*S. L. Geisthardt,* for plaintiff in error.

*Byron Clark, C. A. Rawls* and *A. N. Sullivan,* contra.

NORVAL, C. J.

A judgment of reversal was rendered in this cause at the present term upon three grounds, the opinion being

reported in 61 Nebr., 602. A motion for a rehearing has been filed, assailing the soundness of the former decision in every particular. The first point we predicated a reversal upon was the admission by the trial court of evidence contradicting the execution of the contract of guaranty. It is not contended by counsel for the motion, nor could it be successfully argued, that the evidence alluded to was properly received, but it is insisted that whatever error was committed by its reception was cured by the giving of the following instruction tendered by the defendant: "The jury are instructed that the defendant by his answer 'admits that after the execution and delivery of said note the defendant wrote upon said note substantially the words of the pretended guaranty as set forth in said petition.' You will therefore disregard any evidence admitted tending to disprove this allegation of the answer as therein worded." In the brief originally filed our attention was challenged to this instruction, but the writer, in the preparation of the opinion, unintentionally failed to give it consideration. The rule undoubtedly is that error can not be based upon the admission of testimony which is wholly withdrawn from the consideration of the jury by the charge of the court. *Obernalte v. Johnson,* 36 Nebr., 772; *American Building & Loan Ass'n v. Mordock,* 39 Nebr., 413; *Nelson v. Jenkins,* 42 Nebr., 133, 136; *Missouri P. R. Co. v. Fox,* 60 Nebr., 531. The instruction quoted, if it were not for another one given in conflict therewith, would have had the effect to wholly withdraw from the consideration of the jury the testimony relative to the execution of the guaranty in suit. But the trial court instructed the jury "that whether or not defendant guaranteed the note in controversy and made the basis of this action at the time of its delivery, and before the maturity thereof, is a question of fact for you to determine from all the evidence before you bearing upon that point." By this instruction the making of the guaranty was submitted to the jury for their determination from the evidence ad-

duced, and by the other instruction it was sought to with-draw from the jury all the evidence before them upon that subject. We are unable to tell which instruction the jury followed when considering of their verdict. The two are contradictory, and probably had the effect of confusing the jury. We are entirely satisfied with the former conclusions upon the other points discussed in the opinion.

The motion for a rehearing is denied.

MOTION DENIED.